MEMORANDUM **
This is an appeal from a denial of a writ of habeas corpus, 28 U.S.C. § 2254, by a person in state custody. Petitioner, Clifford Phillip Buchanan, argues the district court erred in concluding that some of his claims were unexhausted; in misleading him into believing that the court was without discretion to stay the proceeding while he exhausted those claims in state court; and by not granting him an evidentiary hearing before dismissing on the merits his petition with regard to his exhausted ineffective assistance of counsel claims. We affirm in part and reverse in part.
I.
Buchanan argues that the district court erred in finding unexhausted the claim that his trial counsel refused to file an appeal on his behalf after Buchanan directed counsel to do so. We need not decide whether Buchanan adequately exhausted his state court remedies as to this claim, in light of the fact that Buchanan abandoned his right to proceed in the district court on this and all other claims determined by the district court to be unexhausted.
Upon finding that his petition was mixed, the district court presented Buchanan with two options: to abandon the putatively unexhausted claims or to dismiss the habeas petition without prejudice and then exhaust the claims raised in Ground One and Ground Two of the petition. Buchanan elected to abandon his unexhausted claims. “Abandonment” has a specific meaning in the law: “The relinquishing of a right or interest with the intention of never again claiming it.” Black’s Law Dictionary 2 (8th ed.2004). This definition is consistent with the consequences explained to Buchanan by the district court that he must “formally and forever abandon” the grounds for relief held unexhausted in order to proceed on *105 the exhausted claims. Therefore, we conclude that Buchanan relinquished any right he had to bring the Ground One and Ground Two claims in federal court, rendering moot the issue raised on appeal as to whether the claim that his trial counsel refused to file an appeal on his behalf after Buchanan directed counsel to do so was in fact not exhausted.
II.
Buchanan also contends that the district court misled him into believing that it did not have the authority to stay his federal action while he returned to state court to exhaust his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The district court did flatly refuse to stay Buchanan’s petition while he returned to state court. But he offered the equivalent — dismissing all the claims while withholding judgment in the action. After exhausting, Buchanan could have returned and, with the permission of the court, filed an amended petition, if necessary, concerning the newly exhausted claims without running afoul of the one-year statute of limitations. See Fed.R.Civ.P. 15(c) (version in effect prior to Dec. 1, 2007). Thus, any error committed by the district court in refusing to use the specific stay and abeyance procedure explicitly approved of by the Supreme Court was harmless.
III.
Buchanan also argues that the district court erred in denying on the merits his exhausted ineffective assistance of counsel claim concerning the trial counsel’s failure to consult with him about an appeal.[1] The trial court properly identified that the controlling legal rule in this case is supplied by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner claiming ineffective assistance of counsel must demonstrate that the defense attorney’s representation fell below “an objective standard of reasonableness” and that the attorney’s deficient performance was prejudicial. Id. Buchanan argues, however, that the state trial court unreasonably applied Strickland. See 28 U.S.C. § 2254(d)(1). “We review de novo the district court’s denial of a petition for a writ of habeas corpus.” Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir.2005). Buchanan argues further that the district court erred by not affording him an evidentiary hearing to present evidence in support of his claim. We review for abuse of discretion a district court’s denial of an evidentiary hearing. Id.
Ordinarily, a district court properly denies the request for an evidentiary hearing where the “petitioner has failed to develop the factual basis of a claim in State court.” Earp, 431 F.3d at 1166 (internal quotation marks omitted); see 28 U.S.C. § 2254(e)(2). The Supreme Court has interpreted “failed to develop” to mean that there must be a “lack of diligence, or some greater fault, attributable to the prisoner or the prisoner’s counsel.” Williams v. Taylor, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). A defendant is not at fault if he properly seeks an eviden-tiary hearing in state court and the request is denied. Estrada v. Scribner, 512 F.3d 1227, 1235-36 n. 7 (9th Cir.2008); Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir .2004).
The record indicates that the state court determined a hearing was unnecessary. *106 Buchanan was therefore not at fault for failing to develop the factual basis for his claims, and is not precluded from obtaining an evidentiary hearing if one is otherwise appropriate.
“[W]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing.” Earp, 431 F.3d at 1167. A petitioner bears the burden of alleging specific facts that would establish a right to relief. Earp, 431 F.3d at 1167 n. 4. We must consider the petitioner’s filings “and may treat the allegations of a verified complaint or petition as an affidavit.” Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003). If a petitioner’s allegations can be “resolved with reference to the state court record, an evidentiary hearing” is unnecessary. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir.1998). Thus, in order to establish a colorable claim sufficient to justify an evidentiary hearing, Buchanan must have averred facts that, if proven, would show: 1) his trial counsel had a duty to consult with him about an appeal, 2) his counsel breached that duty, and 3) he was prejudiced by the breach. See, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 478, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).
A.
“[CJounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.” Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029. Buchanan contends that he demonstrated to trial counsel an interest in appealing that obligated counsel to consult.
In assessing whether Buchanan expressed an interest in appealing, the fact that he pled guilty “may indicate that the defendant seeks an end to judicial proceedings.” Id.
Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine ... that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id.

In this case, Buchanan claims that he did not waive the right to appeal his sentence. Moreover, in his state court petition, he specifically avers that he expressed to his trial counsel a dissatisfaction with his sentence and asked what could be done about it. Consequently, Buchanan’s guilty plea does not definitely establish that he had no interest in appealing. Based on the facts averred in his petition, Buchanan sufficiently demonstrated an interest in appealing not contradicted by the state court record, and, consequently, his trial attorney had a duty to consult with him about his appellate rights.
B.
Buchanan has also sufficiently averred that his trial counsel failed to discharge the duty to consult with him. In this instance, the trial court’s “instructions ... about his appeal rights [were not] so clear and informative as to substitute for counsel’s duty to consult ... counsel might then reasonably decide that he need not *107 repeat that information.” Flores-Ortega, 528 U.S. at 479-80, 120 S.Ct. 1029. During his plea hearing, the trial court informed Buchanan of his right to appeal his conviction, but made no mention of Buchanan’s right to appeal his sentence. The sentencing transcript reveals that the trial court did not advise Buchanan about his right to appeal his sentence at that time either. In his petition, Buchanan avers that trial counsel did not consult with him about his right to appeal, but only told him “there was nothing that could be done since the judge had already sentenced him.”
Buchanan provided the Nevada Supreme Court with a letter from his attorney to his mother that suggests he may have received some advice from his attorney about his appellate rights. The letter evidences that Buchanan’s trial attorney did inform Buchanan (through his mother) of the time frame for filing a notice of appeal, but is ambiguous concerning whether Buchanan was aware he had a right to appeal, whether the attorney erroneously thought that Buchanan had waived any right to appeal, or whether the attorney did not believe Buchanan had any meritorious issues in which to raise in an appeal, which might or might not be true. An evidentiary hearing would allow trial counsel and Buchanan’s mother to testify and put the letter in context, so that the district court could decide which inference, if any, is correct.
We conclude that Buchanan alleged sufficient facts to support the contention that his attorney failed to discharge his duty to eonsult with Buchanan about his sentencing rights.
C.
The government argues that Buchanan has not averred prejudice because he alleges no non-frivolous issue that he would have presented on appeal of his sentence. But a petitioner who alleges ineffective assistance of counsel resulting in failure to appeal is not required to show what issues he would present on appeal, although such information “may give weight to the contention that the defendant would have appealed.” Flores-Ortega, 528 U.S. at 486, 120 S.Ct. 1029. Instead, “to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel’s deficient failure to consult with him about an appeal, he would have timely appealed.” Id. at 484,120 S.Ct. 1029.
Several facts indicate that there is a reasonable probability that Buchanan would have appealed had he received a proper consultation with his attorney. First, the letter from his trial attorney to his mother suggests that Buchanan continued to express dissatisfaction with his sentence after his sentencing.[2] Second, the length of his sentence, seventy years, suggests that a defendant who was dissatisfied, as Buchanan was, would want to exercise every possible appellate option. Third, the fact that Buchanan has pursued every post-conviction relief option over the last decade, suggests that, given the opportunity, he would have appealed his sentence. Finally, although Buchanan abandoned his independent ineffective assistance of counsel claim alleging his trial *108 counsel’s failure to file an appeal after directed, evidence supporting that claim is probative here on the issue of prejudice. That is, Buchanan should be allowed to produce evidence that he directed his counsel to file an appeal, as that evidence would be directly relevant to the likelihood that he would have appealed his sentence. We conclude, then, that Buchanan has averred specific facts that, if proven, could establish that it is reasonably likely that he would have appealed his sentence had his attorney complied with his duty to consult with Buchanan about an appeal.
D.
In denying Buchanan’s request for an evidentiary hearing, the district court stated that Buchanan “has not identified any evidence or witnesses that he could produce” to support his petition. The witnesses that Buchanan might produce at such a hearing are obvious: Buchanan’s trial counsel, his mother, and, likely, Buchanan himself. We conclude that Buchanan has averred sufficient facts to establish a colorable claim that he received ineffective assistance of counsel and should be accorded the opportunity to present live testimony and other evidence in support of that claim.
Accordingly, we AFFIRM IN PART and REVERSE and REMAND IN PART with instructions that Buchanan should be accorded an evidentiary hearing on his exhausted claims that trial counsel rendered ineffective assistance of counsel by failing to consult with Buchanan regarding his appellate rights. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. As discussed, Buchanan is foreclosed by his prior abandonment from arguing that his trial attorney breached his duty to consult by not advising him about the advantages or disadvantages of an appeal. The same is true of his argument that he instructed his trial counsel to file an appeal and that his trial counsel refused.

. The letter also informed Buchanan’s mother that if he wanted to appeal he should find another attorney. But the letter may suggest he had no appeal rights left to exercise, whereas, in fact, he did not waive the right to appeal his sentence. Moreover, the letter is dated November 29; only eight days remained in which to file a notice of appeal. We do not know when the letter was received. In light of Buchanan’s indigent status and his incarceration, he may have been unable to find a substitute attorney in sufficient time to file a notice of appeal.