FILED
United States Court of Appeals
Tenth Circuit

March 24, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBIN FARRIS,

   Petitioner-Appellant,

v.

MARK A. BROADDUS, Warden; and
JOHN W. SUTHERS, Attorney
General of the State of Colorado,

   Respondents-Appellees.

No. 11-1001
(D.C. No. 1:08-CV-00986-CMA)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

   A Colorado jury convicted Robin Farris of first-degree felony murder

during the commission of a burglary, a result the Colorado Court of Appeals

affirmed. After unsuccessfully seeking state post-conviction relief pursuant to

Colo. R. Crim. P. 35(c), Ms. Farris filed a federal habeas petition under 28 U.S.C.

§ 2254, asserting six claims. The district court, however, found that Ms. Farris

had not fairly presented her second, third, and fifth claims to the state courts.

---

   [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rather than deny her entire petition, however, the court granted Ms. Farris's request to allow her to dismiss voluntarily her unexhausted claims, so that she could proceed with the remaining exhausted claims in her petition. The court then dismissed Ms. Farris's sixth claim, holding it was not cognizable on federal habeas review, and the court denied Ms. Farris's first and fourth claims on the merits. The district court thereafter denied Ms. Farris's application for a certificate of appealability ("COA").

Now before us, Ms. Farris renews her request for a COA. Under the Antiterrorism and Effective Death Penalty Act, we may issue a COA only if Ms. Farris makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, for those claims the district court dismissed on procedural grounds, a COA will issue only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ms. Farris's petition fails to clear these high hurdles.

In large measure, Ms. Farris seeks to challenge the district court's assessment that her second, third, and fifth claims were unexhausted. Upon finding that Ms. Farris had filed a federal habeas petition containing both exhausted and unexhausted claims, however, the district court granted Ms. Farris's affirmative request "to delete [all] unexhausted claims," rather than dismiss the entire petition. *See* Reply to Resp't Am. Pre-Answer Resp. at 7

- 2 -

(Sept. 17, 2008). By electing this course of action, Ms. Farris abandoned her putatively unexhausted claims, voluntarily dismissing them and so relinquishing any challenge to the district court's ruling that those claims were not properly exhausted. *See Buchanan v. Farwell*, 308 F. App'x 103, 104-05 (9th Cir. 2009) (unpublished) ("We need not decide whether Buchanan adequately exhausted his state court remedies as to this claim, in light of the fact that Buchanan abandoned his right to proceed in the district court on this and all other claims determined by the district court to be unexhausted."). That leaves for us to address Ms. Farris's remaining first, fourth, and sixth claims for relief.

In her first claim, Ms. Farris argued that the state trial court improperly denied her motion to suppress certain statements she made to police following her arrest. On direct appeal, the state appellate court acknowledged that Ms. Farris had asked her interrogator, "When will I go before a judge and when will I get a lawyer?," but concluded that "this question did not constitute a clear and unambiguous request for counsel" and so questioning could continue consistent with the Fifth Amendment. Aplt. App. Vol. I at 99. Before us, Ms. Farris argues this decision was "contrary to" or "involved an unreasonable application of" the Court's decisions in *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Edwards v. Arizona*, 451 U.S. 477 (1981). Like the district court, however, we must disagree. In *Edwards*, the Court held it was impermissible for authorities to "reinterrogate an accused in custody *if he has clearly asserted* his right to counsel." 451 U.S. at

485 (emphasis added). The Court reaffirmed this point in *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). Accordingly, we cannot say that the state court's decision was contrary to or an unreasonable application of the Supreme Court's jurisprudence. In fact, our conclusion on this score is only confirmed by the Court's later decision in *Davis v. United States*. *See* 512 U.S. 452, 459 (1994) ("We decline petitioner's invitation to extend *Edwards* and require law enforcement officers to cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney.").

In her fourth claim, Ms. Farris asserts that the prosecution improperly asked a question at trial commenting on her silence following arrest. Although Ms. Farris raised this claim on direct appeal, the state appellate court reviewed it only for plain error, as Ms. Farris had not raised any objection during trial. The state court ultimately concluded that "such error as may have occurred did not undermine the fundamental fairness of [Ms. Farris's] trial so as to constitute plain error" under the Colorado Rules of Criminal Procedure. Aplt. App. Vol. I at 104.

We've said that the substance of the state's plain error disposition affects our review of a habeas claim. For example, when a "state court . . . den[ies] relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law," that "disposition [is] entitled to § 2254(d) deference because it was a form of merits review." *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003). On the other hand, if "a state court den[ies] relief for what it

. . . assumes to be federal error, because of the petitioner's failure to satisfy some independent state law predicate," "that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas." *Id.*; *see also Douglas v. Workman*, 560 F.3d 1156, 1177-79, 1180 n.15 (10th Cir. 2009). But whichever situation pertains here, it doesn't matter. Ms. Farris offers this court no reason why Colorado's plain error regime fails to supply an independent and adequate basis for the state appellate court's dismissal, nor has she asserted cause and prejudice or a fundamental miscarriage of justice to excuse her default. Likewise, she has failed to explain how the state appellate court's decision was "contrary to" or "an unreasonable application of" the Supreme Court's precedents. 28 U.S.C. § 2254(d)(1).

Finally, we hold, as did the district court, that Ms. Farris's sixth claim — that the state trial court violated *state* law by dismissing her Rule 35(c) motion without holding a hearing — is not cognizable on federal habeas review. *See Houston v. Henderson*, No. 99-1066, 1999 WL 542637, at *2 (10th Cir. July 27, 1999) (unpublished); *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citations omitted).

The application for COA is denied, and this appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge