Cite as: 558 U. S. ____ (2009)    1

# SUPREME COURT OF THE UNITED STATES

## JOSEPH E. CORCORAN *v.* MARK LEVENHAGEN, SUPERINTENDENT, INDIANA STATE PRISON

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 08–10495.    Decided October 20, 2009

PER CURIAM.

An Indiana jury convicted Joseph Corcoran of four counts of murder. Corcoran was sentenced to death. After Corcoran's challenges to his sentence in the Indiana courts failed, he sought federal habeas relief. Corcoran argued in his federal habeas petition that: (1) the Indiana trial court committed various errors at the sentencing phase; (2) his sentence violated the Sixth Amendment; (3) Indiana's capital sentencing statute was unconstitutional; (4) the prosecution committed misconduct at sentencing; and (5) he should not be executed because he suffers from a mental illness. See *Corcoran* v. *Buss*, 483 F. Supp. 2d 709, 719, 726 (ND Ind. 2007). The District Court granted habeas relief on Corcoran's claim of a Sixth Amendment violation, and ordered the state courts to resentence Corcoran to a penalty other than death. *Id.*, at 725–726. The District Court did not address Corcoran's other arguments relating to his sentence, noting that they were "rendered moot" by the order that Corcoran be resentenced because of the Sixth Amendment violation. *Id.*, at 734.

The Seventh Circuit reversed the District Court's Sixth Amendment ruling. *Corcoran* v. *Buss*, 551 F. 3d 703, 712, 714 (2008). Then, without mentioning Corcoran's other sentencing claims, the Seventh Circuit remanded "with instructions to deny the writ," stating that "Indiana is at liberty to reinstate the death penalty." *Id.*, at 714. Corcoran sought rehearing, arguing that the Court of Appeals should have allowed the District Court to consider his

additional attacks on his sentence.  But the Court of Appeals denied rehearing, again without referring to Corcoran's undecided claims.

We now grant certiorari and hold that the Seventh Circuit erred in disposing of Corcoran's other claims without explanation of any sort.  The Seventh Circuit should have permitted the District Court to consider Corcoran's unresolved challenges to his death sentence on remand, or should have itself explained why such consideration was unnecessary.

In its brief in opposition, the State argues that Corcoran's claims were waived, and that they were in any event frivolous, so that a remand would be wasteful.  Brief in Opposition 9–10.  Nothing in the Seventh Circuit's opinion, however, suggests that this was the basis for that court's order that the writ be denied.

The petition for certiorari and the motion for leave to proceed *in forma pauperis* are granted.  The judgment of the Court of Appeals for the Seventh Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*