# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 18-70016

FARYION EDWARD WARDRIP,

*Petitioner—Appellant Cross-Appellee*,

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee Cross-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-247

---

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:*

Faryion Edward Wardrip was convicted of capital murder and sentenced to death in Texas state court. After his efforts to obtain state

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-70016

*habeas* relief failed, Wardrip filed a request for federal *habeas* relief. His federal *habeas* application presented arguments for relief under Section 2254(d)(1) and Section 2254(d)(2). *See* 28 U.S.C. § 2254(d)(1), (d)(2). Regarding Wardrip's claim for ineffective assistance of trial counsel ("IATC") relating to his good works while in prison, the district court granted relief under Section 2254(d)(2), concluding that the state *habeas* court's denial of relief was based on an unreasonable factual determination.

The State of Texas appealed, and we reversed the district court's grant of relief. *See Wardrip v. Lumpkin*, 976 F.3d 467 (5th Cir. 2020). We held that it was not an "unreasonable determination of the facts" for the state *habeas* court to conclude that Wardrip's counsel "conducted a reasonable investigation that made him aware of Wardrip's good conduct while in prison, and based on that investigation that [his counsel] made a reasonable strategic decision regarding what evidence to present, thus satisfying *Strickland*'s standard for effective assistance of counsel." *Id.* at 477. We also held that "it was reasonable for the state court to conclude that whatever else [his counsel] might have done, the failure to take those steps had not prejudiced Wardrip." *Id.* It was therefore improper to grant *habeas* relief under Section 2254(d)(2). *See id.*

One matter we did not address, as Wardrip has emphasized in his Petition for Rehearing, was the argument that Section 2254(d)(1) also supports *habeas* relief. In district court, Wardrip argued that the state *habeas* court's 2001 decision denying relief on his prison record IATC claim involved an unreasonable application of the *Strickland* standard as later explained by *Williams v. Taylor*, 529 U.S. 362 (2000), *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Rompilla v. Beard*, 545 U.S. 374 (2005). On appeal, he made a similar argument as an alternative ground for affirmance. The district court did not address the argument. Neither did we.

No. 18-70016

Wardrip is correct that he is entitled to consideration by the district court of "unresolved challenges to his death sentence," or, instead, explanation by this court as to "why such consideration [is] unnecessary." *See Corcoran v. Levenhagen*, 558 U.S. 1, 2 (2009). We do not express an opinion on the merits of his Section 2254(d)(1) argument. The district court is better positioned to begin the consideration. We remand to the district court to determine whether Section 2254(d)(1) supports *habeas* relief.

We GRANT the Petition for Rehearing and REMAND to the district court for consideration of whether Section 2254(d)(1) supports *habeas* relief. Only to this extent do we modify our previous opinion.

**A True Copy**
          **Attest**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

**By:** _____
                    **Deputy**

**New Orleans, Louisiana**