NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0069n.06

No. 21-2929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NICHOLAS MASLONKA,

    Petitioner-Appellant,

v.

BONITA HOFFNER, Warden,

    Respondent-Appellee.

FILED
Feb 02, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: BATCHELDER, GRIFFIN, and McKEAGUE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. This is petitioner Nicholas Maslonka's second time before this court. The first round resulted in our reversing the district court's grant of Maslonka's habeas petition and remanding for consideration of one of Maslonka's unadjudicated habeas claims. But Maslonka had more unadjudicated claims than our remand addressed, and the district court held it had no authority to hear those claims not specified in the remand order. Maslonka appealed, claiming he should be able to litigate the remainder of his unadjudicated claims. We agree. We therefore reverse the district court and remand for it to consider those claims in Maslonka's original habeas petition that were not previously adjudicated.

**I.**

In late 2008, Nicholas Maslonka was charged by the state of Michigan with armed robbery, to which he eventually pleaded guilty. Maslonka was dissatisfied with his plea deal, however, alleging that the government reneged on a prior, more favorable plea deal that was contingent on

Maslonka's cooperation in a separate criminal investigation. After a direct appeal and motions for relief from judgment in Michigan state courts, Maslonka brought a federal habeas action. *See Maslonka v. Hoffner*, No. 2:13-CV-14110, 2017 WL 2666103 (E.D. Mich. June 21, 2017).

Maslonka raised several claims in his pro se petition, which spanned over 1,000 pages. The district court broadly categorized the claims as ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and "challenges pertaining to the voluntariness of his plea." *Id.* at *1. The district court granted Maslonka's habeas petition, holding that his trial counsel rendered ineffective assistance and that Maslonka was effectively denied counsel under *United States v. Cronic*, 466 U.S. 648, 659 (1984). *Id.* at *6-*13. Because the district court granted the petition on that basis, it found it unnecessary to consider Maslonka's remaining claims. *Id.* at *13.

We reversed, holding that Maslonka was not denied counsel under *Cronic* and was not prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984), by any purported ineffective assistance. *Maslonka v. Hoffner*, 900 F.3d 269, 278-83 (6th Cir. 2018). We remanded with the following instructions:

> [W]e REVERSE the judgment of the district court. As the district court noted, however, Maslonka also alleged in his habeas petition that his three appellate attorneys were constitutionally ineffective in a variety of ways. Maslonka's appointed habeas counsel did not discuss these claims in any detail in Maslonka's supplemental briefing, nor did the district court rule on these claims. We therefore REMAND and instruct the district court to consider only Maslonka's ineffective-assistance-of-appellate-counsel claims.

*Id.* at 283 (citations omitted).

On remand, Maslonka argued that his plea was unknowing and involuntary because he did not have adequate notice of the charges against him and that his appellate counsel had provided ineffective assistance. The district court, reading our remand to be a limited one, held it was

2

limited to the plain language of the remand and declined to consider Maslonka's involuntary-plea claim. *Maslonka v. Hoffner*, No. 2:13-CV-14110, 2021 WL 4169806 at \*4 (E.D. Mich. Sept. 14, 2021). It then granted a certificate of appealability to determine the scope of the remand. *Id.* at \*7.

## II.

Upon reviewing Maslonka's prior appeal, it remains unclear as to why our prior remand was so limited. Regardless of the reasons or circumstances giving rise to the narrow remand order, we now conclude that our order should not have been so constrained.

Under *Corcoran v. Levenhagen*, 558 U.S. 1, 2-3 (2009), federal appellate courts err when they reverse a district court's habeas grant and remand with instructions that leave undecided a petitioner's raised-but-unadjudicated claims. In *Corcoran*, the Seventh Circuit reversed a district court's habeas grant and remanded "with instructions to deny the writ," despite the presence of unadjudicated claims. *Id.* at 2. The Supreme Court reversed, holding that the Seventh Circuit erred by disposing of Corcoran's other claims "without explanation of any sort." *Id.* The Supreme Court also rejected an argument for affirmance that the underlying claims were frivolous or waived, stating: "Nothing in the Seventh Circuit's opinion, however, suggests that this was the basis for the court's order that the writ be denied." *Id.* at 3.

Our prior opinion made no mention of Maslonka's involuntary plea claim, though it was plainly included in his pro se habeas petition, reserved by counsel in supplemental briefing, and referenced by the district court. Because nothing in our opinion can be said to have resolved or adjudicated Maslonka's claim, we erred in issuing a remand precluding its consideration.

The government's only attempt to distinguish *Corcoran* centers on the fact that our remand order was detailed, whereas the Seventh Circuit's remand was a "blanket instruction" to deny the writ. This is a distinction without a difference and ignores the logic behind *Corcoran*. *Corcoran*

did not turn on the level of detail in the remand order but on the fact that the Seventh Circuit "dispos[ed] of Corcoran's other claims without explanation of any sort." *Id.* at 2. Our prior opinion effectively disposed of Maslonka's other claims without explanation of any sort, and our remand was therefore inappropriately limited.

## III.

We reverse the district court and remand for it to consider those claims in Maslonka's habeas petition that were previously raised but not previously adjudicated.