# SUPREME COURT OF THE UNITED STATES

## BILL K. WILSON, SUPERINTENDANT, INDIANA STATE PRISON *v*. JOSEPH E. CORCORAN

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 10–91.   Decided November 8, 2010

PER CURIAM.

Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law. Because the Court of Appeals granted the writ to respondent without finding such a violation, we vacate its judgment and remand.

\*    \*    \*

In 1997, respondent Joseph Corcoran shot and killed four men, including his brother and his sister's fiance. An Indiana jury found him guilty of four counts of murder, found the statutory aggravating circumstance of multiple murders, and unanimously recommended capital punishment. The trial judge agreed and sentenced respondent to death.

But on appeal, the Supreme Court of Indiana vacated the sentence out of concern that the trial judge might have violated Indiana law by relying partly on nonstatutory aggravating factors when imposing the death penalty. *Corcoran* v. *State,* 739 N. E. 2d 649, 657–658 (2000). When addressing respondent at sentencing, the trial court had remarked:

"'[T]he knowing and intentional murders of four innocent people is an extremely heinous and aggravated crime. . . . I don't think in the history of this county we've had a mass murderer such as yourself. It makes you, Mr. Corcoran, a very dangerous, evil mass murderer. And I am convinced in my heart of hearts,

> . . . if given the opportunity, you will murder again.'"
> *Id.*, at 657 (quoting transcript).

According to the Indiana Supreme Court, the trial judge's reference to the innocence of respondent's victims, the heinousness of his offense, and his future dangerousness was not necessarily improper; it is permissible to provide "an appropriate context for consideration of the alleged aggravating and mitigating circumstances." *Ibid.* (internal quotation marks omitted). But because the trial court might have meant that it weighed these factors as aggravating circumstances, the Indiana Supreme Court remanded for resentencing. See *ibid.*

On remand, the trial court issued a revised sentencing order. It wrote:

> "'The trial Court, in balancing the proved aggravators and mitigators, emphasizes to the Supreme Court that it only relied upon those proven statutory aggravators. The trial Court's remarks at the sentencing hearing, and the language in the original sentencing order explain why such high weight was given to the statutory aggravator of multiple murder, and further support the trial Court's personal conclusion that the sentence is appropriate punishment for this offender and these crimes.'" *Corcoran* v. *State*, 774 N. E. 2d 495, 498 (Ind. 2002) (quoting order).

On appeal, over respondent's objection, the Supreme Court accepted this explanation and affirmed the sentence. *Id.,* at 498–499, 502. It explained that it was "now satisfied that the trial court has relied on only aggravators listed in Indiana Code §35–50–2–9(b). . . . There is no lack of clarity in [the trial court's] statement and no plausible reason to believe it untrue." *Id.,* at 499.

Respondent later applied to the United States District Court for the Northern District of Indiana for a writ of habeas corpus. His habeas petition asserted a number of

Per Curiam

grounds for relief, including a renewed claim that, notwithstanding its assurances to the contrary, the trial court improperly relied on nonstatutory aggravating factors when it resentenced him. Respondent also asserted that this reliance violated the Eighth and Fourteenth Amendments. Record, Doc. 13, p. 11. In its response to the petition, the State specifically disputed that contention. *Id.*, Doc. 33, p. 16 ("[Respondent] fails to establish any constitutional deficiency in [the] Indiana Supreme Court's review of the trial court's treatment of Corcoran's sentence on remand, let alone does it show that the state supreme court's judgment is in any way inconsistent with applicable United States Supreme Court precedent").

The District Court, however, had no need to resolve this dispute because it granted habeas relief on a wholly different ground: that an offer by the prosecutor to take the death penalty off the table in exchange for a waiver of a jury trial had violated the Sixth Amendment. *Corcoran* v. *Buss*, 483 F. Supp. 2d 709, 725–726 (2007). It did not address the sentencing challenge because that was "rendered moot" by the grant of habeas relief. *Id.,* at 734.

The State appealed, and the Seventh Circuit reversed the District Court's Sixth Amendment ruling. *Corcoran* v. *Buss*, 551 F. 3d 703, 712, 714 (2008). Then, evidently overlooking respondent's remaining sentencing claims, the Seventh Circuit remanded the case to the District Court "with instructions to deny the writ." *Id.*, at 714. To correct this oversight, we granted certiorari and vacated the Seventh Circuit's judgment. *Corcoran* v. *Levenhagen*, 558 U. S. 1 (2009) *(per curiam)*. We explained that the Court of Appeals "should have permitted the District Court to consider Corcoran's unresolved challenges to his death sentence on remand, or should have itself explained why such consideration was unnecessary." *Id.,* at \_\_\_ (slip op., at 2).

On remand—and without any opportunity for briefing by the parties—the Court of Appeals changed course and *granted* habeas relief. *Corcoran* v. *Levenhagen*, 593 F. 3d 547, 555 (2010). After determining that respondent's sentencing challenge had been waived by his failure to include it in his original cross-appeal, the Seventh Circuit concluded that the claim satisfied plain-error review. *Id.,* at 551. The panel explained that, "unlike the Indiana Supreme Court," it was unsatisfied with the trial court's representation that it relied only on aggravating factors authorized by Indiana law. *Ibid.* Because the trial court's revised sentencing order said that it used the nonstatutory factors of heinousness, victims' innocence, and future dangerousness to determine the weight given to the aggravator of multiple murders, the Seventh Circuit concluded that the Indiana Supreme Court had made an "'unreasonable determination of the facts'" when it accepted the trial court's representation that it did not rely on those factors as aggravating circumstances. *Ibid.* (quoting 28 U. S. C. §2254(d)(2)). The panel therefore required the Indiana trial court to reconsider its sentencing determination in order to "prevent non-compliance with Indiana law." 593 F. 3d, at 552–553.

But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U. S. C. §2254(a). And we have repeatedly held that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle* v. *McGuire*, 502 U. S. 62, 67 (1991) (quoting *Lewis* v. *Jeffers*, 497 U. S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U. S., at 67–68. But here, the panel's

opinion contained no hint that it thought the violation of
Indiana law it had unearthed also entailed the infringe-
ment of any federal right.  Not only did the court frame
respondent's claim as whether "the Indiana trial court
considered non-statutory aggravating circumstances . . . in
contravention of *state law*," 593 F. 3d, at 551 (emphasis
added), it also explicitly acknowledged that "[n]othing in
[its] opinion prevents Indiana from adopting a rule per-
mitting the use of non-statutory aggravators in the death
sentence selection process.  *See Zant v. Stephens*, 462 U. S.
862, 878 (1983) (permitting their use under federal law),"
*id.*, at 551–552 (citations omitted).

Nor did it suffice for the Court of Appeals to find an
unreasonable determination of the facts under 28 U. S. C.
§2254(d)(2).  That provision allows habeas petitioners to
avoid the bar to habeas relief imposed with respect to
federal claims adjudicated on the merits in state court by
showing that the state court's decision was "based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding."  It does
not repeal the command of §2254(a) that habeas relief may
be afforded to a state prisoner "only on the ground" that
his custody violates federal law.

In response to the Seventh Circuit's opinion, the State
filed a petition for rehearing and rehearing en banc.  The
State's petition argued that the Seventh Circuit had erred
by granting relief in the absence of a federal violation.  It
also contended, on the authority of our opinion in *Wain-
wright* v. *Goode*, 464 U. S. 78 (1983) *(per curiam)*, that the
Court of Appeals erred by second-guessing the Indiana
Supreme Court's factual determination that its own trial
court complied with Indiana law.

The Seventh Circuit denied rehearing, but amended its
opinion to include this language:

　　"This [remand for resentencing] will cure the state
　　trial court's 'unreasonable determination of the facts.'

28 U. S. C. §2254(d)(1) *[sic]*. (It will also prevent non-compliance with Indiana law. [Corcoran] contended that, under the circumstances of this case, noncompliance with state law also violates the federal Constitution and thus warrants him relief under 28 U. S. C. §2254(d)(2). [The State] has not advanced any contrary argument based on *Wainwright v. Goode*, 464 U. S. 78 (1983), or any similar decision.)" App. to Pet. for Cert. 144a–145a.

The amendment did not cure the defect. It is not enough to note that a habeas petitioner *asserts* the existence of a constitutional violation; unless the federal court agrees with that assertion, it may not grant relief. The Seventh Circuit's opinion reflects no such agreement, nor does it even articulate what federal right was allegedly infringed. In fact, as to one possible federal claim, the court maintains that it would *not* violate federal law for Indiana to adopt a rule authorizing what the trial court did. 593 F. 3d, at 551–552.

In lieu of finding or even describing a constitutional error, the amended opinion says only that the State had not "advanced any contrary argument based on *Wainwright v. Goode* . . . or any similar decision." App. to Pet. for Cert. 145a. It is not clear what this language was meant to convey. It cannot have meant that the State forfeited the position that respondent's allegations do not state a constitutional violation, since (as we observed) the State explicitly disputed that point before the District Court—the last forum in which the subject had been raised, leading the Court of Appeals to conclude that *respondent* had waived the claim entirely. 593 F. 3d, at 551. And there is no suggestion that the State has ever *conceded* the existence of a federal right to be sentenced in accordance with Indiana law. Under those circumstances, it was improper for the Court of Appeals to issue the writ

Per Curiam

without first concluding that a violation of federal law had been established.

The petition for a writ of certiorari and respondent's motion for leave to proceed *in forma pauperis* are granted. The judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion. We express no view about the merits of the habeas petition.

*It is so ordered.*