**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 12, 2012
Decided July 17, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2700

|  |  |
|---|---|
| GERALD WILLIAMS, <br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-1096 |
| JAMES PUGH, <br> *Respondent-Appellee*. | Lynn Adelman, <br> *Judge*. |

**O R D E R**

Gerald Williams was convicted of reckless homicide for killing Don Smith in a shootout as two men drove their cars through a gas-station parking lot in Milwaukee. During Williams's trial, a witness testified that just before the shooting began, Smith said to Williams, "[Y]ou supposed to be lookin' for me?" The defense attorney objected, arguing that the statement was hearsay. The trial judge overruled the objection but gave a limiting instruction telling jurors that the statement was offered only "to explain what happened next" and "you should not accept it for its truth." On direct appeal Williams challenged this evidentiary ruling, but the Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied review. After unsuccessfully moving for state collateral relief, Williams filed a pro se habeas petition in federal district court pursuant to 28 U.S.C. § 2254.

Williams thereafter filed numerous motions and letters asking the district court to recruit pro bono counsel to represent him. The court consistently denied his requests. Instead of filing a brief supporting his petition, he filed yet another request for counsel. The court denied his latest request and gave him one more chance to file a brief, but also warned him that his petition would be dismissed for failure to prosecute if he didn't comply. Williams *again* filed a plea for appointed counsel. The district court then entered an order dismissing the petition for failure to prosecute; alternatively, the court denied relief on the merits.

We affirm the denial of habeas relief. The State of Wisconsin has confessed error regarding the dismissal for failure to prosecute, so we skip over that basis for the judgment and address the merits, which concern only the evidentiary issue we have described above. On that issue Williams has not carried his burden of establishing that the state court's decision was "contrary to, or an involved unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2). The state trial judge made a sound evidentiary ruling, which the Wisconsin Court of Appeals reasonably affirmed.

## I. Background

On the evening of July 20, 2002, the parking lot of a Citgo station in Milwaukee was the scene of a ferocious gun battle. Witnesses gave the following account: Gerald Williams was sitting in the driver's seat of his parked car in the Citgo lot. He had his window rolled down. A Buick Regal pulled into the lot and the driver, Don Smith, got out and walked over to Williams's car. Leo Covington, a passenger in Smith's car, testified that before Smith got out of his car, he said Williams was "lookin' for me," and that when Smith confronted Williams, he said, "[Y]ou supposed to be lookin' for me?" When Williams did not respond, Smith started punching him. Williams threw his car in drive and attempted to pull away. Smith pulled out a gun and aimed it at Williams's escaping car. Witnesses said that he pulled the trigger but the weapon apparently jammed.

Meanwhile, Williams grabbed his own gun from the glove compartment of his car. Smith jumped back in his Buick and gave chase. The two cars raced around the Citgo lot as the two men traded gunfire out open windows. One of Williams's shots hit Smith in the neck, killing him.

Williams was charged with reckless homicide. At trial, he claimed that he acted in self-defense. When Covington, the passenger in Smith's car, testified to what Smith said about Williams before the shooting started—"[Y]ou supposed to be lookin' for me?"—Williams's attorney objected on hearsay grounds. The judge overruled the objection but instructed the jury that the statement was offered only for the purpose of "explain[ing] what happened next" and that the jurors "should not accept it for its truth." The jury found Williams guilty. He was sentenced to 25 years in prison.

On direct appeal the Wisconsin Court of Appeals affirmed. As relevant here, the appellate court rejected Williams's claim that the trial court erred in admitting Covington's testimony about what Smith said before he started punching Williams.[1] *State v. Williams*, 2006 WI App 31, 289 Wis. 2d 550.  The court noted that the trial judge had allowed the evidence not for its truth—that Williams was actually looking for Smith—but for the limited purpose of explaining the sequence of events. *Id.* ¶¶ 11-13. More particularly, the court noted that the evidence was admitted not to prove that Williams was the aggressor (thus undermining his self-defense claim), but, rather, to explain why Smith entered the Citgo parking lot, approached Williams, and started punching him. *Id.* The court concluded that "[t]he admission of Smith's statement for the narrow purpose of explaining how events unfolded, coupled with a limiting instruction, was not manifestly wrong or an erroneous exercise of discretion." *Id.* ¶ 13. The Wisconsin Supreme Court denied review. *State v. Williams*, 2006 WI 39, 290 Wis. 2d 22.

After unsuccessfully seeking state postconviction relief, 2010 WI App 1, 322 Wis. 2d 734, Williams filed a pro se § 2254 petition in federal district court. Over the next few months, he filed eight motions or letters asking the court to recruit pro bono counsel to represent him. The district judge declined these requests, initially because Williams had not made any effort to find counsel himself, and later because Williams could adequately represent himself. When the time came for Williams to file his opening brief, he instead filed a one-page document entitled "Brief in Support of 2254 Petition." This "brief" simply reiterated his position that he was incapable of representing himself. The judge construed this document as a renewed request for counsel and denied it, but he gave Williams another chance to file a brief. The judge warned him, however, that his petition "may be dismissed with prejudice for lack of prosecution" if he failed to comply.

Williams did fail to comply. Instead of a brief, he filed another one-page document entitled "Brief in support of my 2254[] petition," again insisting that he could not proceed without counsel. The court entered an order dismissing the petition for failure to prosecute, and alternatively, denying his various claims for habeas relief on the merits. We granted a certificate of appealability on two issues: (1) the dismissal for failure to prosecute; and (2) the merits issue regarding the claimed hearsay testimony.

## II. Discussion

Although we granted a certificate of appealability on the failure-to-prosecute issue, the State of Wisconsin has explicitly declined to defend the judgment on that ground. The State maintains that in light of the district court's ruling on the merits, our consideration of the district court's failure-to-prosecute ruling is "unnecessary" and a "moot point." At oral

---

[1] Williams made other claims on direct appeal and in his § 2254 petition, but our certificate of appealability is limited to this single merits issue.

argument the State characterized its position as a "confession of error." The Supreme Court has instructed us to enforce an express waiver, *see Wood v. Milyard*, 132 S. Ct. 1826, 1834-35 (2012), so we move directly to the merits.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). The petitioner must demonstrate that he is detained as a result of a state-court decision that is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The federal habeas statute thus sets the bar for relief quite high:

> To draw the line between reasonable errors, which will stand in federal habeas review, and unreasonable ones, upon which we shall grant the writ, we must distinguish between those decisions which comport with recognized conventions of legal reasoning, and those which lie well outside the boundaries of permissible differences of opinion.

*Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007) (alteration, internal citations and quotation marks omitted). Moreover, the state court's determination of a factual issue is "presumed to be correct," and the petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Williams argues that allowing Covington's testimony about what Smith said just prior to the shooting violated his Sixth Amendment right to confront the witnesses against him. *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."); *see generally Crawford v. Washington*, 541 U.S. 36 (2004). This argument depends on whether the statement in question is properly classified as testimonial hearsay. *Crawford*, 541 U.S. at 59 n.9. This, in turn, depends on whether it was offered for the truth of the matter asserted or for another purpose. *Id.*

We have held that "the purpose for which [a declarant's] statement was put before the jury is generally a question of fact, not law." *Jones v. Basinger*, 635 F.3d 1030, 1042 (7th Cir. 2011). Accordingly, "[w]e are . . . bound by the state courts' conclusion that [the] statement was offered not for its truth, but for a permissible non-hearsay purpose . . . , unless there is clear and convincing evidence to the contrary." *Id.*

Here, the state trial judge held that Smith's statement—"[Y]ou supposed to be

lookin' for me?"—was not offered for its truth but instead to explain the chain of events leading up to the shooting. The judge gave a limiting instruction to that effect. The state appellate court affirmed. Under AEDPA this determination is entitled to a presumption of correctness, and Williams has the burden of clearly and convincingly overcoming that presumption. He has not done so.  As a factual matter, the record fully supports the court's conclusion that this evidence was offered to explain Smith's course of conduct—why he took the steps he did just before the shooting—*not* to show that Williams actually was looking for Smith. Smith had no special insight into Williams's state of mind sitting parked at the gas station. On the other hand, Smith's belief that Williams was on the lookout for him helps explain why Smith pulled into the parking lot and confronted him. In other words, the statement was offered only to establish that Smith said it—because the statement explained his subsequent actions—and not for its truth.

Admitted for this limited purpose, the statement was not testimonial hearsay. The state court's evidentiary determination was reasonable and entitled to deference under AEDPA. Accordingly, Williams is not entitled to habeas relief.

**AFFIRMED**.