18-770
*Riley v. Noeth*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

Present:
>          PIERRE N. LEVAL,
>          REENA RAGGI
>          DEBRA ANN LIVINGSTON,
>                    *Circuit Judges*,

_____

ADRIAN D. RILEY,

>                    *Petitioner-Appellant*,

>          v.                                                        18-770

JOSEPH NOETH, SUPERINTENDENT, ATTICA CORRECTIONAL FACILITY,

>                    *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | JESSE M. SIEGEL, New York, New York |
| For Respondent-Appellee: | MICHELLE MAEROV, Assistant Attorney General, New York, NY (Letitia James, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*) |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Singleton, *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Adrian D. Riley appeals from a February 22, 2018 judgment of the United States District Court for the Northern District of New York (Singleton, *S.J.*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court granted a certificate of appealability on the question whether Riley's state court trial counsel was constitutionally ineffective for failing to consult with a medical expert prior to Riley's trial.

Riley was convicted in New York state court in 2009 of first-degree sexual conduct against a child for a series of anal and vaginal rapes which he committed against his then-girlfriend's daughter, the victim was between four and nine years old. At trial the prosecution's case consisted of testimony from the victim, the victim's mother, a nurse practitioner (Jonathan Miller) who initially examined the victim at an urgent care center, and Susan Lindberg. Lindberg was also a nurse practitioner who worked as Herkimer County Examiner for Child Sexual Assault and conducted an examination of the victim shortly after Miller's examination at the urgent care center. At trial Lindberg testified that during her examination she observed a cleft in the victim's hymen which indicated that a "fairly large" object had penetrated it, and provided her examination notes and a photograph she took during the examination to corroborate her testimony. Riley testified at trial on his own behalf and denied that the assaults ever took place. The defense did not call a medical expert. The jury found Riley guilty and the court sentenced Riley to 25 years imprisonment and 20 years of post-release supervision.

On direct appeal and in his request for post-conviction relief pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10, Riley argued, *inter alia*, that his counsel had been constitutionally ineffective for failing to consult with a medical expert prior to trial. As evidence of this failure, Riley presented his correspondence with trial counsel in which trial counsel affirmed that "[t]he medical evidence was such that the issue was not whether the victim had had sex but the identity of the perpetrator . . . [i]n other word[s], not what had been done but who did it." SA 65. In addition to this correspondence, Riley also included citations to numerous studies which he claims demonstrate that the expert evidence relied on by the prosecution was flawed. SA 66–69.

On direct appeal, the Appellate Division, Fourth Department, rejected Riley's contention that his counsel had been ineffective for failing to call an expert and concluded that, as to Riley's claim regarding the failure of trial counsel to conduct an investigation, any such claim was "based on information outside the record on appeal" and, accordingly, was properly raised by way of a § 440.10 motion. *People v. Riley,* 177 A.D.3d 1495, 1496–97 (4th Dept. 2014). The state trial court thereafter denied Riley's motion for post-conviction relief under NYCPL § 440.10, concluding that Riley's sworn affidavit and the materials submitted along with his application did not provide a basis for relief nor raise sufficient facts as to require an evidentiary hearing on the issue of ineffective assistance of counsel. SA 75.

Riley then filed a *pro se* petition for a writ of habeas corpus in the District Court for the Northern District of New York arguing in part that the state courts erred in concluding that his counsel's representation was constitutionally adequate. A 14. The district court denied the writ. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review the district court's denial of a petition for habeas corpus de novo, and its underlying findings of fact for clear error. *Ramchair v. Conway*, 601 F.3d 66, 72 (2d Cir. 2010).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court adjudicates a petitioner's habeas claim on the merits, a district court may only grant relief where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented." *Id.* § (d)(2). *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (noting that 28 U.S.C. § 2254(d) is "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"). The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), constitutes clearly established law relevant to Riley's ineffective assistance of counsel claim and requires him to demonstrate both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense" in order to obtain relief. *Id.* at 687. Taking both AEDPA and *Strickland* together, the question when reviewing a state court's *Strickland* determination is thus "not whether a federal court believes the state court's determination was incorrect[,] but [rather] whether that determination was [objectively] unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). As such, to justify relief under § 2254(d)(1), Riley was required to establish the state court's effectiveness of counsel determination "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Here, the state court's denial of Riley's NYCPL § 440.10 application was an adjudication on the merits of Riley's ineffective assistance of counsel claim. The court based its determination both on its assessment that Riley's counsel had deftly handled the medical evidence at trial and that Riley failed to meet his burden of showing that the defense counsel's treatment of the evidence resulted from anything other than strategic considerations. SA 71–75; *see also Richter*, 562 U.S. at 99 (noting the presumption of merits determinations even where a state court is silent as to its reasons). Because the state court made a determination on the merits, we will set it aside only if there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The record does not support such a conclusion. First, despite Riley's claims, he has not in fact shown that his lawyer did not consult with medical experts prior to trial. In response to Riley's written inquiry to counsel questioning counsel's failure to call an expert at trial, his attorney affirmed that "[t]he medical evidence was such that the issue was not whether the victim had had sex but the identity of the perpetrator . . . [i]n other word[s], not what had been done but who did it." SA 65. The record thus does not indicate whether trial counsel consulted with an expert before trial and, indeed, seems only to bolster the state court's conclusion that Riley's trial counsel effectively evaluated the medical evidence at issue.

Second, even if Riley had shown that his counsel did not consult with experts prior to trial, the medical studies that Riley relied on in his state court § 440.10 motion fail to substantiate his claim that this alleged failure caused him prejudice under *Strickland*'s second prong. The studies which Riley cites are consistent with the conclusion offered by the medical expert at trial in his own case, namely that a cleft in the observed location was indicative of penetration by a "fairly large object." *See, e.g.*, Wilmes R. G. Teixeira, *Hymenal Colposcopic Examination in Sexual*

5

*Offenses*, 2:3 Am. J. of Forensic Med. & Pathology 209, 213 (1981) (noting that sexual assault often causes hymenal ruptures like the ones observed in this case).   As such, Riley has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (internal quotation marks omitted).

Finally, Riley's argument that he should be accorded an evidentiary hearing to determine conclusively whether his counsel consulted with a medical expert before trial is misplaced.   As the Supreme Court explained in *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011), we are to evaluate the reasonability of a state court's merits determinations under § 2254(d)(1) only on the record which was before the state court at the time of the merits determination and without regard to any information which is or could be gathered at a federal court evidentiary hearing.   Because we conclude that, on the record before the state court here, Riley failed to show prejudice, Riley has not met his burden to show that the state court decision was "contrary to" or involved an "unreasonable application" of federal law.   28 U.S.C. § 2254(d)(1).   His petition was thus properly denied.

We have considered Riley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6