NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEMAR GANT,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>BRIAN WILLIAMS, SR.; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>　　　　　Respondents-Appellees. | No.　19-15265<br><br>D.C. No.<br>2:16-cv-00528-JAD-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before:　HAWKINS and PAEZ, Circuit Judges, and RESTANI,*** Judge.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　***　The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Lemar Gant appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction in Nevada state court for being an ex-felon in possession of a firearm. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Defense counsel's failure to run a criminal background check on a witness whose incarceration impeached his exculpatory testimony was not constitutionally deficient. The adequacy of counsel's witness investigation depends on whether it was "reasonable considering all the circumstances," *see Strickland v. Washington*, 466 U.S. 668, 688 (1984), and the state court had reason to conclude that it was, *see Harrington v. Richter*, 562 U.S. 86, 105 (2011). After learning about the witness through Gant's girlfriend, counsel sent an investigator to interview the witness, reviewed the investigator's report, and shared the testimony with Gant himself. It was conceivable, if not entirely reasonable, then, for the state court to conclude that Gant's nonchalant response to the expected testimony gave counsel no reason to doubt its veracity. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). And although the devastating impact of the witness's previously unknown incarceration on Gant's defense understandably has caused counsel to reconsider his vetting process, "the harsh light of hindsight" cannot alter our analysis. *See Bell v. Cone*, 535 U.S. 685, 702 (2002); *see also Richter*, 562 U.S.

at 105 ("The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." (quotation marks and citation omitted)).

We reach the same conclusion concerning defense counsel's failure to ensure receipt of (or check the electronic docket for) the prosecution's supplemental witness list. Although that filing likely would have alerted counsel to his own witness's incarceration, the state court reasonably concluded that this omission did not render counsel's performance constitutionally deficient. Gant offers no evidence that counsel had either seen the supplemental witness list, noticed an issue with receiving previous filings that he could have corrected, or otherwise learned about the prosecution's additional witness. That the state court made no express finding on this point is of no moment. Already having failed to advance a more plausible explanation, Gant cannot litigate the issue anew. *See Richter*, 562 U.S. at 98–99. We must, and do, presume that the state court's denial of relief included a rejection of this argument. *See id.* at 99–100.

**AFFIRMED.**

*Gant v. Williams*, 19-15265

PAEZ, Circuit Judge, concurring:

I agree with my colleagues that the Nevada Court of Appeals' decision rejecting Gant's ineffective assistance of counsel claim was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). I arrive at this conclusion through a different path, however. I seriously question whether the state court's determination that trial counsel's defense strategy of calling a single witness without conducting any independent investigation of that witness's background or the story he offered was constitutionally reasonable. Despite my reservations, even assuming that counsel's performance was deficient, Gant's claim fails on *Strickland*'s prejudice prong, as the state court reasonably concluded. Gant argues that, but for trial counsel's error, he would have called one or more witnesses to testify that the officer planted the gun. But the evidence at trial was that it was "highly unlikely" that Gant's DNA could have been found on the gun without him having handled the gun himself. Thus, Gant has not shown it was "necessarily unreasonable" for the Nevada Court of Appeals to conclude that "he had failed to undermine confidence in the jury's" verdict. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Accordingly, I concur in the judgment.