In the

# United States Court of Appeals
### For the Seventh Circuit

No. 19-3077

RAYMOND MARLING,

*Petitioner-Appellee,*

*v.*

FRANK LITTLEJOHN, Deputy Warden, Wabash Valley Correctional Facility,

*Respondent-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:19-cv-00002-JRS-DLP — **James R. Sweeney II**, *Judge.*

ARGUED APRIL 28, 2020 — DECIDED JULY 13, 2020

Before EASTERBROOK, RIPPLE, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After Raymond Marling was arrested, on a warrant, while driving his car, police in Indiana took an inventory of its contents. The trunk held a locked box. An officer opened the box with a screwdriver and found illegal drugs. Together with other evidence (including the fact that Marling was armed, despite felony convictions that made this unlawful), these drugs played a role

in his convictions and 38-year sentence, which includes a 20-year enhancement for being a habitual criminal.

Marling's lawyer asked the trial court to suppress the contents of the box, arguing that opening it was improper. That argument lost in the trial court and lost again on appeal. *Marling v. State*, 2014 Ind. App. Unpub. LEXIS 1305 (Sept. 30, 2014). He filed a collateral attack, this time arguing that his trial and appellate lawyers had furnished ineffective assistance by not presenting the best reasons for objecting to the box's opening. He contended that counsel should have argued that opening his box damaged it, violating the police department's policy. The post-conviction court held a hearing, took evidence, and rejected this contention. The court of appeals affirmed, concluding among other things that counsel's omission was not prejudicial because the record did not show that the box had been damaged. 2018 Ind. App. Unpub. LEXIS 610 (May 25, 2018). But a federal district court issued a writ of habeas corpus, 2019 U.S. Dist. LEXIS 163777 (S.D. Ind. Sept. 24, 2019), ruling that a photograph in the record shows damage to the box's lock. This meant, the judge stated, that the state court's finding had been rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

A factual mistake by a state court does not support collateral relief, unless a correction shows that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Ineffective assistance of counsel suffices, because it violates the Sixth Amendment (applied to the states by the Fourteenth). Indiana has assumed that failure of counsel at trial and on appeal to choose the best argument in support of a motion can violate the Sixth Amendment, despite many cases holding

that it is essential to evaluate counsel's overall performance rather than find a single error. See, e.g., *Strickland v. Washington*, 466 U.S. 668, 691–96 (1984); *Williams v. Lemmon*, 557 F.3d 534, 538–40 (7th Cir. 2009). Because Indiana has not made this potential argument we do not pursue it. See *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). Still, it remains necessary to show that counsel's decision was both substantively deficient and prejudicial. The state's appellate court applied the *Strickland* standard, and our review of the outcome under §2254(d) has been called "doubly deferential". *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The district judge found both deficient performance and prejudice because *Florida v. Wells*, 495 U.S. 1 (1990), holds that the validity of an inventory search depends on the police department having a policy about when to take inventories. The judge read *Wells* to say that compliance with this policy is essential, which implies that a violation of a local policy also violates the Constitution. The judge read the local policy at issue to forbid damage to a container, which led him to find a constitutional error, which counsel had failed to call to the state court's attention. We think that the judge has misunderstood both *Wells* and the local policy.

*Wells* holds that a policy is important, but not because the Constitution demands that states suppress evidence acquired through violations of state or local rules. *That* possibility was rejected in *Virginia v. Moore*, 553 U.S. 164 (2008), among many other decisions. See also, e.g., *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (federal court may not issue a writ under §2254 based on an asserted error of state law). *Wells* explained why a policy matters:

>Our view that standardized criteria or established routine must regulate the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory. The individual police officer must not be allowed so much latitude that inventory searches are turned into a purposeful and general means of discovering evidence of crime.

>But in forbidding uncanalized discretion to police officers conducting inventory searches, there is no reason to insist that they be conducted in a totally mechanical "all or nothing" fashion. "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." A police officer may be allowed sufficient latitude to determine whether a particular container should or should not be opened in light of the nature of the search and characteristics of the container itself. Thus, while policies of opening all containers or of opening no containers are unquestionably permissible, it would be equally permissible, for example, to allow the opening of closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors. The allowance of the exercise of judgment based on concerns related to the purposes of an inventory search does not violate the Fourth Amendment.

495 U.S. at 4 (cleaned up). Thus "open all containers" is a valid policy. So is "exercise discretion". What matters is that there be *some* policy that makes the inventory something other than a search based on belief that it will turn up evidence of crime. The Justices did not suggest that every departure from any policy violates the Fourth Amendment. Suppose a local policy calls for opening a locked box with a hammer and chisel, while one officer uses a lockpick instead. Or suppose a policy says that items are to be stored in evidence bags, while one officer put them in boxes. Such depar-

tures from a policy lack constitutional significance under the rationale of *Wells*.

The North Vernon Police Department, whose officers stopped Marling's car and opened the box, has an inventory policy. Section 49.3.2 of General Order 49 provides:

> Inventory the contents of suitcases, boxes, and other containers.
>
> …
>
> Closed and/or Locked Containers - Inventory all closed or locked containers. If a situation exists that requires extreme measures (extensive time, manpower and equipment), and/or unreasonable potential damage to property, the officer should avoid opening the container, but should document why the container was not opened.

This says that all locked containers are to be opened and inventoried, though the officer "should avoid" opening a container when that would cause "unreasonable potential damage" to property. The policy is valid under *Wells*: it combines a presumptive rule of opening everything with a discretionary ("should") exception when the damage would be "unreasonable" in the officer's judgment. And because the policy is valid, the search is valid too. A federal judge's disagreement with how an officer exercises discretion under a local policy does not make a search unconstitutional in retrospect. See *United States v. Cartwright*, 630 F.3d 610, 616 (7th Cir. 2010). Any other understanding would amount to using the Constitution to enforce the details of local law, which *Moore* and many other decisions say is improper.

It follows that the district judge's disagreement with the state judiciary about whether the officer followed the local policy is not a sufficient ground for collateral relief. And, for what it is worth, we do not see a violation of the local policy.

The judge included in his opinion a picture showing some damage to the box's lock. That was enough, he thought, to establish the policy's violation, even though Marling did not draw this picture to the attention of the state's appellate court. Let us suppose that the judges should have examined the picture anyway. Still, the policy does not forbid *all* damage; it forbids *unreasonable* damage. This box was intact, and the lock could have been fixed or replaced. Why was the damage "unreasonable"? The judge did not say. Then there is the discretionary language in the General Order. The judge apparently understood *Wells* to forbid the use of discretion, such as evaluating when a potential for damage would be "unreasonable". Yet the principal holding of *Wells* is that discretion about inventory searches is compatible with the Fourth Amendment. The Justices wrote:

> Nothing in *South Dakota v. Opperman*, 428 U.S. 364 (1976), or *Illinois v. Lafayette*, 462 U.S. 640 (1983), prohibits the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.

*Wells*, 495 U.S. at 3–4 (cleaned up), quoting from *Colorado v. Bertine*, 479 U.S. 367, 375 (1987). The officer who opened and inventoried the contents of this box acted within the scope of discretion granted by General Order 49. As *Wells* requires, discretion under the policy is unrelated to beliefs about the container's contents. If the officer did too much ("unreasonable") damage, that could have been the basis for a tort claim under state law. It is not a basis for a conclusion that the Fourth Amendment required the suppression of incriminating evidence. It follows that counsel did not violate the Sixth Amendment by omitting this line of argument.

REVERSED