FILED
United States Court of Appeals
Tenth Circuit

January 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARSHALL DEAN ALSTON,

      Petitioner - Appellant,

v.

KAMERON HARVANEK, Warden,

      Respondent - Appellee.

No. 17-6104
(D.C. No. 5:16-CV-00534-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

Proceeding *pro se,* Marshall Dean Alston seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Alston's request to proceed in forma pauperis in

this matter is **granted**.

Alston filed a § 2254 petition challenging two Oklahoma state convictions:

No. CF-2014-22, a conviction for unlawful possession of a controlled dangerous

substance with intent to distribute; and No. CD-2014-21, a conviction for

unlawful distribution of a controlled dangerous substance. Both convictions

resulted from guilty pleas. In response to Respondent's motion to dismiss, the matter was referred to a magistrate judge who addressed the timeliness of the habeas petition in a Supplemental Report and Recommendation. The district court adopted the Supplemental Report and Recommendation, granting Respondent's motion in part and denying it in part. As to Alston's challenge to his conviction in case No. CF-2014-21, the district court concluded his federal habeas claims were time barred. Specifically, Alston's conviction became final on September 19, 2014. The one-year limitations period set out in 28 U.S.C. § 2244(d)(1)(A) expired on September 21, 2015, but Alston's § 2254 petition was not filed until May 23, 2016. The district court rejected Alston's argument that the one-year limitations period was tolled because he sought relief from conviction No. CF-2014-21 in a state post-conviction application he filed on July 17, 2015.[1] The district court concluded that resolution of the issue was controlled by the decision of the Oklahoma Court of Criminal Appeals ("OCCA") which ruled that Alston's July 2015 state post-conviction application did not contain a challenge to his conviction in case No. CF-2014-21. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). After considering and rejecting the arguments Alston presented in his objections to the

_____

[1]A second state post-conviction application that Alston filed after the one-year limitations period had already expired did not toll the limitations period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

-2-

Supplemental Report and Recommendation, the district court dismissed Alston's § 2254 challenge to his conviction in case No. CF-2014-21 as untimely. As to Alston's challenge to his conviction in case No. CF-2014-22, the district court concluded Alston's § 2254 habeas petition was timely filed and ordered Respondent to respond to Alston's amended habeas petition.

After Respondent filed its brief, the magistrate judge prepared a Second Supplemental Report and Recommendation addressing the bases on which Alston sought habeas relief with respect to his conviction in case No. CF-2014-22. After reviewing the Second Supplemental Report and Recommendation and considering Alston's written objections, the district court adopted the recommended ruling and denied Alston's § 2254 petition. As to Alston's claims that (1) the OCCA erred by failing to permit him to file a direct appeal out of time, (2) his double jeopardy rights under the Oklahoma Constitution and Oklahoma law were violated, and (3) he was denied a right under Oklahoma law to a preliminary hearing, the district court concluded the claims were not cognizable in a § 2254 proceeding because they only implicated errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The district court addressed Alston's claims of ineffective assistance of counsel by applying the standard set forth in the Antiterrorism and Effective Death Penalty Act. The court concluded Alston failed to demonstrate the OCCA's adjudication of his Sixth Amendment claims was contrary to, or an unreasonable application of, clearly established

-3-

federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). As to Alston's double jeopardy claim arising under the United States Constitution, the district court concluded the claim was procedurally defaulted in Oklahoma state court on an independent and adequate state procedural ground. *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." (quotation omitted")); *see also Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("[T]his court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate."). The district court refused to address the claim because Alston failed to show cause for the default and actual prejudice, or demonstrate that the failure to review the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 772, 750 (1991); *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).

As to the claims addressed on the merits by the district court, this court cannot grant Alston a COA unless he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation omitted). As to the claims dismissed as untimely, Alston is not entitled to a COA unless he shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alston is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338 (quotations omitted).

This court has reviewed Alston's application for a COA and appellate brief, the Supplemental Report and Recommendation, the Second Supplemental Report and Recommendation, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court and concludes Alston is not entitled to a COA. The district court's resolution of Alston's claims is not debatable. Because Alston has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Alston's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-5-