NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN C. RUSSELL,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>PATRICK COVELLO,<br><br>    Respondent-Appellee. | No. 21-55992<br><br>D.C. No.<br>2:19-cv-01838-DSF-ADS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 17, 2023
Pasadena, California

Before: LEE, BRESS, and MENDOZA, Circuit Judges.

In 2014, Petitioner John C. Russell was found guilty, in California state court, of the cold-case murder of Alma Zuniga, who was raped and killed in 1979. Russell appeals the district court's order denying his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. The district court issued a certificate of appealability on four issues. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and 2253, and we affirm.

We review de novo a district court's denial of a § 2254 petition. *Balbuena v. Sullivan*, 980 F.3d 619, 628 (9th Cir. 2020). We review a § 2254 habeas petition under the "highly deferential standard for evaluating state-court rulings." *Id.* (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). A federal court may only grant habeas relief if the state court's ruling was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Where, as here, the state supreme court decision summarily denies the petition for review, we "look through" the unexplained decision to the last reasoned state court decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

1. First, Russell argues his right to due process was violated when the trial court failed to properly determine the admissibility of certain scientific evidence. In *People v. Kelly*, 549 P.2d 1240 (Cal. 1976), the California Supreme Court set forth the three-prong test California trial courts use to analyze the admissibility of new scientific techniques, sometimes referred to as the *Kelly-Frye* formulation. *People v. Smith*, 132 Cal. Rptr. 2d 230, 233–34 (Ct. App. 2003) (quotation omitted). In his petition, Russell argues the state trial court erred when it failed to

2

conduct a pre-trial *Kelly-Frye* hearing as to (1) whether the DNA testing methods were generally accepted in the scientific community under prong one of *Kelly*, and (2) whether correct scientific procedures were used to apply a valid scientific technique under prong three of *Kelly*.

Russell has failed to establish he is entitled to federal habeas relief on either ground. The *Kelly-Frye* test is a California state law standard. *See People v. Leahy*, 882 P.2d 321, 323 (Cal. 1994). Under California law, "[e]vidence obtained by use of a new scientific technique is admissible only if the proponent of the evidence establishes at a hearing (sometimes called a first prong *Kelly* hearing) that the relevant scientific community generally accepts the technique as reliable." *People v. Cordova*, 358 P.3d 518, 536 (Cal. 2015). "However, proof of such acceptance is not necessary if a published appellate opinion affirms a trial court ruling admitting evidence obtained through use of that technique . . . ." *Id.*

The state court determined the technique Russell challenged was not the proper subject of a first-prong *Kelly* hearing because the PCR-STR technology at issue had already been approved in *People v. Henderson*, 132 Cal. Rptr. 2d 255, 268 (Ct. App. 2003). Thus, habeas relief is inappropriate because this court is bound by the state court's holding. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Although Russell argues the state court erred in relying

3

upon *Henderson*, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation omitted). Moreover, Russell failed to identify any clearly established federal law, as determined by the Supreme Court, that the state court acted "contrary to" or "unreasonab[ly] appli[ed]." 28 U.S.C. § 2254(d)(1); *see Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam) (where no decision of the Supreme Court "squarely addresses" an issue or provides a "categorical answer" to the question before the state court, AEDPA bars relief).

Russell's argument also fails as to *Kelly*'s third prong, which "inquires into the matter of whether *the procedures actually utilized in the case* were in compliance with that methodology and technique, as generally accepted by the scientific community." *People v. Venegas*, 954 P.2d 525, 545 (Cal. 1998). "The third-prong inquiry is thus case specific; it cannot be satisfied by relying on a published appellate decision." *Id.* (citations and internal quotation marks omitted).

Here, the trial court made a case-specific inquiry, and the state appellate court affirmed the denial of the motion for the third-prong *Kelly* hearing. As in prong one inquiries, this court must give deference to the state court's determination of state law. *Richey*, 546 U.S. at 76. This court is bound by the state court's conclusion that the trial court was entitled to credit the prosecution's expert's declaration, and that admission of the DNA evidence was permissible

4

under state law, even if the appellate court misapplied its own laws. *See id.*; *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam). Moreover, a petitioner cannot simply append "due process" to the end of what is otherwise a challenge to a state law ruling to federalize the error. *See McGuire*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Russell failed to establish that his due process rights were violated, and habeas relief is inappropriate. That is especially so considering that Russell had ample opportunity to question the reliability of the prosecutions' expert evidence and introduce his own competing expert at trial.

2. Next, Russell argues the California Court of Appeal unreasonably applied federal constitutional law and unreasonably determined the facts when it held that the trial court properly excluded evidence that, according to Russell, suggests that Zuniga was murdered by a third party. Again, Russell's argument fails.

The exclusion of certain types of critical evidence may violate a defendant's due process rights if it deprives the defendant of "a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). States, however, "have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (per curiam) (quotation omitted).

Assuming Russell's challenge to the state courts' application of state

5

evidentiary rules implicates the U.S. Constitution, he still failed to demonstrate that the state court unreasonably applied clearly established law, as determined by the Supreme Court. *Id.* at 509. At trial, Russell did not have an automatic, guaranteed right to present all possible evidence, however speculative, accusing someone else of the crime. *Lunbery v. Hornbeak*, 605 F.3d 754, 762 (9th Cir. 2010) (recognizing that a defendant "does not have an 'unfettered right' to present any evidence he or she wishes" (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988))).

And as both the district court and state appellate court noted, the trial court's denial of certain evidence implicating a third party did not completely preclude Russell from offering evidence that a third party killed Zuniga. It is not a question of whether we would have allowed the disputed evidence to be admitted. Instead, the state court's thorough analysis, as a matter of both California law and on the facts, was not an unreasonable application of *Chambers v. Mississippi*.

Moreover, even if a state court's evidentiary decision is contrary to or an unreasonable application of clearly established federal law, habeas relief is not automatic. Rather, the claim is still reviewed under a harmless error standard, where "an error is harmless on collateral review unless it results in 'actual prejudice,'" that is, if it has a "substantial and injurious" effect on the verdict. *Mays v. Clark*, 807 F.3d 968, 980 (9th Cir. 2015) (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637

(1993). Habeas relief is proper when "the record is so evenly balanced that a 'conscientious judge is in grave doubt as to the harmlessness of an error.'" *Gautt v. Lewis*, 489 F.3d 993, 1016 (9th Cir. 2007) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 438 (1995).

Here, Russell was able to introduce certain evidence implicating a third party, including testimony that on the night of the crimes, (1) Zuniga and a man had an argument about the man's smoking at the café counter, (2) the man was "kind of aggressive," (3) when the man got up, a gun fell out of his boot, and (4) the man resembled a person known to have known Zuniga. From this testimony, Russell's counsel argued to the jury that on the night she was killed, Zuniga had a hostile encounter with a man she knew, a man who was armed with a gun. Applying *Brecht*'s harmless error standard, Russell's third-party culpability evidence, in contrast with the other significant evidence of his guilt, does not raise "grave doubt[s]" about his conviction. *Id.* at 1016.

3. Finally, Russell argues cumulative error warrants granting the writ of habeas corpus. Russell's individual allegations of error, however, are unmeritorious, and therefore his cumulative error argument necessarily fails. *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

4. Russell's request for judicial notice (Dkt. No. 36) is denied as moot.

**AFFIRMED.**

7