In the

# United States Court of Appeals

## For the Seventh Circuit

—————————

No. 19-1949

JAMES CRAWFORD,

*Petitioner-Appellee*,

*v.*

FRANK LITTLEJOHN, Deputy Warden, Wabash Valley Correctional Facility,

*Respondent-Appellant*.

—————————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:18-cv-00234-WTL-MJD — **William T. Lawrence**, *Judge*.

—————————

ARGUED JUNE 5, 2020 — DECIDED JUNE 29, 2020

—————————

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. A prison disciplinary board in Indiana concluded that James Crawford had participated in an "unauthorized financial transaction" by telling Scott Wolf, a fellow inmate, to send $400 to his mother, Becky Crawford. Wolf sent the check, which Becky Crawford

cashed. Wolf told prison officials that the payment covered the cost of drugs that Crawford had supplied.

The prison's Code B-220 bans possessing materials for, or engaging in, "unauthorized financial transactions". (Language in Code B-220 has changed recently; we quote the rule in force at the time of the events.) Section IX of the Inmate Trust Fund Policy supplies this definition of unauthorized financial transactions: "attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another." The prison penalized Crawford by the loss of 30 days' good-time credit. In this proceeding under 28 U.S.C. §2241 a district judge held that the penalty is not supported by evidence and directed Indiana to restore the 30-day credit.

*Superintendent v. Hill*, 472 U.S. 445 (1985), holds that a prison may discipline an inmate by reducing good-time credit unless the record is "devoid of evidence" (*id*. at 457). Elsewhere the Court stated the rule as a requirement that "some evidence in the record" (*id*. at 454) support the penalty. Indiana contends that "some evidence" supports the decision—that, indeed, Wolf's remittance to Crawford's mother is undisputed. Only the reason for the payment was contested (Crawford asserts that it was for a car that Wolf's aunt and Wolf's daughter were buying), but the reason for the payment is not part of the offense defined by Code B-220.

Crawford contends that the reason *must* matter; otherwise why did the prison punish him rather than Wolf? That's a good question, but if we agree with Crawford that the reason matters, some evidence remains: Wolf said during a formal interview that he was paying Crawford for drugs

by routing money to Crawford's mother, and the disciplinary board found that this is true. Wolf did not testify before the board, so his statements are hearsay, but hearsay is "some evidence". Hearsay is used in federal sentencing all the time. This is the sort of hearsay—a statement against penal interest—that could have been admissible under Fed. R. Evid. 804(b)(3) in proceedings to which the Rules of Evidence apply.

A statement offered under Rule 804(b)(3) is admissible only if, among other things, it "is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability." Rule 804(b)(3)(B). Crawford contends that the Constitution applies a similar corroboration requirement to proceedings that can affect good-time credits. Yet in sentencing, and proceedings to revoke supervised release, which like good-time proceedings affect liberty, formal evidentiary strictures do not apply. 18 U.S.C. §3661; Fed. R. Evid. 1101(d)(3).

When *Wolff v. McDonnell*, 418 U.S. 539 (1974), defined the constitutional minimum procedures for prison discipline, the Justices did not put "no uncorroborated hearsay" on the list. Nor did *Hill*; it calls for "some evidence" without imposing the Federal Rules of Evidence on state prison systems. We have been told not to add procedures to *Wolff*'s list. See *Baxter v. Palmigiano*, 425 U.S. 308, 321–22 (1976). Wolf's statement, which the disciplinary board accepted, supplies "some evidence" about why the payment was made.

The district judge did not rule otherwise. Instead he concluded that the payment did not violate Code B-220 *even if* Wolf sent the money to reimburse Crawford for drugs. Here,

once again, is the definition in the Trust Fund Policy: "attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another." The district judge read this to prohibit:

> (1) Offender A sending money to Offender B; (2) family or friends of Offender A sending money to Offender B; or (3) family or friends of Offender A sending money to family or friends of Offender B.

Because the transaction here—Offender A sending money to the family of Offender B—is not on the judge's list, the judge concluded that the board's decision is unsupported.

This is not an application of *Hill*'s "some evidence" rule. It is a reading of a prison regulation that differs from Indiana's understanding. In other words, the district court issued a writ of habeas corpus because it disagreed with state officials' reading of state law. Yet the Supreme Court has held many times that errors of state law do not support collateral relief in federal court. See, e.g., *Estelle v. McGuire*, 502 U.S. 62 (1991); *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

For what it may be worth, we doubt that the state officials have misunderstood the prison's rules. The definition covers "attempting or completing financial transactions, *including*" three examples (emphasis added). The examples illustrate some applications. The judge did not explain why he read this definition to cover only the examples, as opposed to the full spectrum of "financial transactions" that the prison has not authorized.

Crawford says that the structure of this definition—a broad term ("financial transactions") followed by three non-

exclusive examples—makes it unconstitutionally vague. We do not agree. The phrase "financial transactions" is broad, but broad differs from inscrutable. The rule is sweeping, not vague. People of common understanding can see what is forbidden.

REVERSED