**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1902
_____

TIMOTHY J. FELLOWS,
                                          Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-01900)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 3, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: August 9, 2023)

_____

———————

OPINION[*]

———————

**PER CURIAM**

Timothy Fellows, proceeding pro se, appeals from the District Court's order denying his petition pursuant 28 U.S.C. § 2241. We will summarily affirm.

On February 5, 2021, Fellows received an incident report charging him with refusing a drug/alcohol test in violation of Bureau of Prisons Code 110. In the report, Corrections Officer D. Kane alleged that, on that date, he instructed Fellows to provide a urine sample. When Fellows replied that he could not provide a sample at the moment, Kane offered Fellows a cup of water (which Fellows refused) and told Fellows that he would be back in two hours. Kane returned two hours later, and Fellows was still unwilling or unable to provide a sufficient sample. Fellows appeared for a hearing before the Discipline Hearing Office (DHO) on February 18, 2021. After considering the evidence presented, the DHO found that the evidence supported a finding that Fellows committed the prohibited act of refusing a drug/alcohol test in violation of Bureau of Prisons Code 110. The DHO imposed the following sanctions: 41 days' loss of good-conduct time, 30 days of disciplinary segregation, a monetary fine, and the loss of visiting and commissary privileges for six months.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In December 2022, Fellows filed his petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, arguing that his due process rights were violated during the disciplinary proceedings. The District Court denied the petition and Fellows filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of Fellows's habeas petition de novo. Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam); see also Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) (explaining that a challenge to a disciplinary action that resulted in the loss of good-conduct time credits "is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence"). Because Fellows is a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Federal prisoners have a liberty interest in statutory good-conduct time. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega v. United States, 493 F.3d 310, 317 n.4 (3d Cir. 2007). A disciplinary hearing that may result in the loss of good-conduct time must provide certain due process safeguards to a prisoner, including: (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, (3) an opportunity to receive assistance from an inmate representative, in some circumstances, and (4) a written statement of the evidence relied on and the reasons for the disciplinary action. See

3

Wolff, 418 U.S. at 563–71. Further, the decision must be supported by "some evidence" in the record. Superintendent v. Hill, 472 U.S. 445, 455–56 (1985).

We agree with the District Court's conclusions. Fellows received due process in accordance with Wolff: he was provided written notice several days in advance of his DHO hearing, the opportunity to present witnesses and other evidence, the opportunity to have representation, and written reports containing the reasons for the decision.[1]

Additionally, the DHO's decision meets the due process requirement of being supported by "some evidence" in the record. The DHO considered the officer's incident report, Fellows's statement, the testimony of another inmate, the testimony of the prison's clinical director, and a chain of custody form. While Fellows claimed that he was unable to provide a more substantial urine sample due to stress, the presence of staff, and medications that reduced his urine output, we agree with the District Court's conclusion that the evidence was sufficient to support the DHO's conclusion. Specifically, the DHO noted that Fellows was offered (and declined) a cup of water and was left in his cell with access to drinking water for two hours, but he still did not produce an adequate urine sample. Additionally, the clinical director testified that Fellows had no medical conditions or medications that would have prevented him from providing a urine sample. And while Fellows presented the testimony of another inmate to show that he produced "a little bit" of urine,

---

[1] Fellows also argues that the prison placed an unfair condition on his administrative appeal. However, in identifying the process due to an inmate, Wolff did not include an administrative appeal, see O'Bryant v. Finch, 637 F.3d 1207, 1214–15 (11th Cir. 2011), and we therefore conclude that no relief is warranted, see generally Crawford v. Littlejohn, 963 F.3d 681, 683 (7th Cir. 2020) ("We have been told not to add procedures to Wolff's list.").

the DHO determined that this testimony also supported the conclusion that Fellows failed to produce a sufficient amount of urine for testing. The DHO concluded that the greater weight of the evidence supported a finding that Fellows committed the act of refusing to provide a urine sample. For these reasons, the DHO's conclusion is supported by some evidence.[2] See Hill, 472 U.S. at 455–56 (explaining that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," and "[i]nstead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board").

Finally, we agree that, to the extent that a loss of good-conduct time credits can constitute an Eighth Amendment violation, Fellows's punishment was not excessive in relation to the underlying offense. See Rummel v. Estelle, 445 U.S. 263, 271 (1980). The offense of refusing to provide a urine sample is classified as a "greatest severity level" offense pursuant to 28 C.F.R. § 541.3. Available sanctions include the forfeiture of up to 100% of non-vested good-conduct time and the disallowance of between 50% and 75% of good conduct time credit available for the year (27 to 41 days). See 28 C.F.R. § 541.3

---

[2] To the extent that Fellows argued that he is actually innocent because he was able to provide *some* urine, the District Court correctly noted that the BOP Code 110 prohibited "[r]efusing to provide a urine sample," see 28 C.F.R. § 541.3, and that the relevant BOP Program Statement defined "urine sample" as "approximately a full specimen bottle" or about two ounces of urine. As the DHO concluded, there was evidence to support that Fellows failed to provide enough urine to be considered a "urine sample." And despite his assertions that his medications reduced his urine output and prevented him from providing a larger sample, there was some evidence to support the DHO's conclusion that his medications or medical issues did not prevent him from providing a full sample.

(Table 1).  The DHO sanctioned Fellows to the loss of 41 days.  Given the severity of Fellows's offense, and because the sanctions fall within the applicable range permitted by the regulation, we conclude that the punishment here did not violate the Eighth Amendment.  See generally United States v. Newby, 11 F.3d 1143, 1145 (3d Cir. 1993) (explaining that, while the "loss of one thousand days good time credits may at first glance appear to be harsh," it was necessary to demonstrate "the importance of continued good behavior").

Accordingly, we will summarily affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[3]

---

[3] Fellows's "Motion to File a Standard Opening Brief," ECF No. 9, is denied as presented because his opening brief was not yet due.  However, we have considered his proposed opening briefs, ECF Nos. 10 & 11, which we construe as documents in support of appeal.