**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 16, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

BRANT A. GREEN,

    Petitioner - Appellant,

v.

RICARDO MARTINEZ,

    Respondent - Appellee.

No. 24-2088
(D.C. No. 2:21-CV-00775-RB-GBW)
(D. N.M.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Brant Green, a New Mexico state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to appeal the district court's denial of his 28 U.S.C. § 2241

habeas petition.  Because we conclude Mr. Green has failed to establish his entitlement to

a COA, we deny his request for a COA and dismiss this matter.

I

In November 2011, Mr. Green began serving a thirty-year term of imprisonment in

the custody of the New Mexico Department of Corrections (NMDC).  NMDC inmates

are eligible to earn meritorious deductions for completing certain educational

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

achievements. A meritorious deduction is a type of good time award or credit that decreases the maximum amount of time an inmate must serve before being eligible for parole or release.

While in confinement, Mr. Green earned four associate's degrees: an automotive technology degree in 2014; a liberal arts of university studies degree in 2014; a business administration degree in 2015; and a wind energy technology degree in 2017. He also earned a vocational certificate in computer maintenance in 2014. NMDC awarded Mr. Green a four-month lump-sum meritorious deduction for earning the wind energy technology degree. NMDC, however, denied Mr. Green's requests for meritorious deductions for the remaining degrees and the certificate.

Mr. Green filed a habeas petition in New Mexico state district court challenging the NMDC's decision not to award the additional meritorious deductions. He argued, in relevant part, that he had earned meritorious deductions for the remaining three degrees and certificate and was therefore entitled to 390 days' credit. He also argued he had a protected liberty interest in the meritorious deductions he had earned. Lastly, he argued that under NMDC policy in effect at the time he began serving his sentence, inmates could receive more than one meritorious deduction for earning an associate's degree.

The New Mexico state district court denied Mr. Green's petition, reasoning that under the NMDC policy in effect when Mr. Green earned his degrees, inmates could receive only one meritorious deduction for earning an associate's degree and any

2

subsequently earned associate's degrees were not eligible for meritorious deductions.[1] The state district court also concluded this NMDC policy language was consistent with New Mexico's Earned Meritorious Deductions Act (EMDA), which governs inmates' eligibility for earned meritorious deductions and provides an inmate is eligible for a four-month lump-sum meritorious deduction "for earning *an* associate's degree." N.M. Stat. § 33-2-34(D)(3) (emphasis added).

Mr. Green sought and was denied a writ of certiorari from the New Mexico Supreme Court.

After completing his state habeas proceedings, Mr. Green filed a pro se petition for writ of habeas corpus pursuant to § 2241 arguing, in relevant part, that the NMDC's denial of meritorious deductions in these circumstances violated the Fifth, Eighth, and Fourteenth Amendments.

The magistrate judge (MJ) assigned to the case issued proposed findings and a recommended disposition. The MJ concluded as an initial matter that there was no merit to Mr. Green's Fifth Amendment claim because the underlying actions involved state—not federal—officials. The MJ also concluded that Mr. Green's Eighth Amendment claim was frivolous because "[t]he Eighth Amendment guarantees a prisoner's right to

---

[1] Although Mr. Green asserted an earlier version of the NMDC policy allowed inmates to earn meritorious deductions for each sequential associate's degree that an inmate earned, the New Mexico state district court rejected that argument and concluded that the earlier version of the NMDC policy likewise limited each inmate to one meritorious deduction for an associate's degree, even if the inmate earned more than one such degree.

the minimal civilized measures of life's necessities, not the privilege of a reduced sentence." R. vol. IV at 12.

As for Mr. Green's Fourteenth Amendment claim, the MJ concluded that Mr. Green "ha[d] no liberty interest in unearned, discretionarily awarded good time credits." *Id.* The MJ noted in support that "Subsection B of the EMDA" provides that "'[a] prisoner *may* earn meritorious deductions *upon recommendation by the classification supervisor*'" and "'based upon the prisoner's active participation in approved programs and the quality of [such] participation,'" but that meritorious deductions are not earned "'*unless the recommendation* of the classification supervisor *is approved by the warden or the warden's designee*.'" *Id.* at 14 (quoting N.M. Stat. § 33-2-34(B) (emphasis added by MJ)).

The MJ also rejected Mr. Green's argument that Subsection F of the EMDA limited NMDC's ability to deny meritorious deductions to four narrow circumstances.[2] The MJ instead concluded that Subsection F "simply describes when a prisoner is ineligible to earn meritorious deductions" and "does not mandate the only circumstances warranting denial of meritorious deductions." *Id.* at 19–20.

---

[2] Subsection F provides as follows:
A prisoner is not eligible to earn meritorious deductions if the prisoner:
(1) disobeys an order to perform labor . . . ;
(2) is in disciplinary segregation;
(3) is confined for committing a serious violent offense and is within the first sixty days of the receipt by [NMDC]; or
(4) is not an active participant in programs recommended and approved for the prisoner by the classification supervisor.
N.M. Stat. § 33-2-34(F).

The district court overruled Mr. Green's written objections to and adopted in full the MJ's proposed findings and recommended disposition. The district court in turn denied Mr. Green's petition for habeas relief and denied Mr. Green a COA.

Mr. Green now seeks a COA from this court.

## II

Before a state prisoner can appeal the denial of relief under 28 U.S.C. § 2241, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claims was either "debatable or wrong." *Id.* To the extent the district court denied relief on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his application for a COA, Mr. Green expressly abandons his Eighth Amendment claim, but states that he intends to "move forward with claims asserting

5

violations of the Fifth and Fourteenth Amendments."  Pet. Opening Br. and App. for COA at 17.

We conclude that Mr. Green has failed to establish his entitlement to a COA on his Fifth Amendment claim.  More specifically, we conclude reasonable jurists could not find debatable the district court's conclusion that the "Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteenth Amendment applies to actions by state governments."  R. vol. IV at 11 (citing *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013)).

We likewise conclude Mr. Green has failed to establish his entitlement to a COA on his Fourteenth Amendment due process claim.  The district court concluded that meritorious deductions are a matter of discretion under the EMDA and that, as a result, Mr. Green did not have a valid liberty interest in the meritorious deductions he requested for his multiple associate's degrees.  We conclude reasonable jurists could not find the district court's resolution of this claim debatable or wrong.  *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (finding no liberty interest implicated when "earned time" credits are discretionarily awarded).

Mr. Green argues that "other similarly situated inmates" in the custody of NMDC "received multiple" meritorious deductions "for earning multiple degrees."  Pet. Opening Br. and App. for COA at 13.  He in turn argues that inmates, such as himself, "who met the same requisites" after August 2013 "did not receive the additional" meritorious deductions and "were not treated equally under the law."  *Id.* at 14–15.

6

We conclude that Mr. Green is not entitled to a COA on this equal protection argument. The MJ and district court declined to reach the merits of this argument because Mr. Green raised it for the first time in his reply to the state's answer and because he failed to raise the argument in his state habeas petition. R. vol. IV at 10, n.8 ("This is a newly raised argument that remains unexhausted. The Court will not address arguments raised for the first time in a Reply."). We are not persuaded reasonable jurists would find this procedural ruling debatable. Nor are we persuaded reasonable jurists could debate whether Mr. Green stated a valid equal protection claim. Mr. Green has presented no evidence to establish there were other "similarly situated" inmates who received multiple meritorious deductions for earning multiple associate's degrees. And the New Mexico state courts concluded as a matter of law that the EMDA, which effectively governs NMDC policy, does not authorize multiple meritorious deductions where, as here, an inmate has earned multiple associate's degrees. It is not our role to reexamine that interpretation of New Mexico state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (internal quotation marks omitted)).

Mr. Green also seeks to assert other arguments that were not addressed by the district court. Specifically, he argues that (a) NMDC's revision of its policy regarding meritorious deductions for multiple associate's degrees "was arbitrary and capricious," (b) the EMDA is a "divisible statute" that "constructively supports multiple lump sum awards for earning multiple degrees," and (c) past cases "incorrectly define[d] and

7

appl[ied] the term 'earn.'"  Pet. Opening Br. and App. for COA at 15–16.  We deny a COA as to all of these arguments due to Mr. Green's failure to raise them in a timely fashion below.  *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("[W]e may deny a COA if there is a plain procedural bar to habeas relief"); *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court).

III

We grant Mr. Green's motion for leave to proceed in forma pauperis, but deny his application for a COA and dismiss this matter.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge